# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339-096 | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RDB-16-3488 |
| WEXFORD HEALTH SOURCES, INC., | * | |
| Defendant | * | |

## MEMORANDUM OPINION

On October 19, 2016, Billy G. Asemani, an inmate at Eastern Correctional Institution, filed this Complaint pursuant to 42 U.S.C. §1983 against Wexford Health Sources ("Wexford), Inc. He faults Wexford for failing to authorize a medical shower pass for him. As relief, he asks this Court to compel the issuance of a pass. Asemani's Motion for Leave to Proceed in Forma Pauperis (ECF 2) will be granted. For reasons to follow, the Complaint will be DISMISSED without prejudice.

## FACTUAL BACKGROUND

Asemani, who is in protective custody status, claims that on August 18, 2016, he asked correctional staff for a medical shower schedule because he uses crutches, braces, and straps. Asemani also states he needs additional time to shower due to incontinence and his need for additional hygiene, and is subjected to "verbal assault" by other inmates for taking too much time to shower and having his medical appliances in the way during regular shower times. (ECF 1). He claims to skip showers for two or three days sometimes because he fears he might sometime be involved in an altercation. Asemani blames skipping showers as the cause of his "diaper rash." (ECF 1, at 9). Notably, Asemani indicates in supplemental materials that his

shower concerns do not ordinarily arise on Mondays, Wednesdays, or Fridays because the morning shower schedule at those times does not attracts as many inmates. (ECF 1-4).

Asemani states Sgt. Wilson told him that he had no objection to his request for a medical shower pass, but to avoid the appearance of preferential treatment, *i.e.* receiving a private shower, Asemani needs authorization from the medical department. (ECF 1 at 5; 8 ECF 1-5).

On August 20, 2016, Asemani submitted a request for a medical shower pass to the medical department. (ECF 1-5).  On September 14, 2016, Asemani met with unnamed medical staff.  Asemani states that upon learning corrections staff had "already approved" his request for a medical shower pass, Defendant's "representative" declined to issue the pass "by being under the misapprehension that decisions of that kind are reserved for custody staff, and that, if custody staff has already authorized Asemani's request, then they need not get involved." (ECF 1 at 6). Asemani claims that because of "[D]efendant's representatives' ignorance of how medically related decisions are made" he has been placed in a situation where he is unable to obtain the medical shower pass. *Id.*  He claims Defendant is negligent in assuming corrections staff make medical shower decisions. *Id.* at 7.

Asemani does not identify the medical providers who declined to issue the medical pass as described above.  He claims Defendant's actions or omissions have violated his right to be free from verbal and physical abuse and his right to a "sanitary and hygienic" existence can be accomplished only if he showers daily.[1]  Asemani provides no evidence that he has attempted to resolve this matter through available administrative avenues.

## DISCUSSION

The in forma pauperis statute permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this

---

[1]  Asemani does not aver he is without access to running water in his cell.

privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Further, the Court is also mindful of its obligation to liberally construe the pleadings of pro se litigants such as Asemani. *See, e.g. Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Under 42 U.S.C. § 1983, individuals may sue in federal court a person who violates their federally protected rights while acting under the color of law. As Asemani, a frequent self-represented litigator in this Court is undoubted aware,[2] the doctrine of respondeat superior does not apply with respect to § 1983 claims. *See Monell v. New York Dep't of Social Services*, 436 U.S. 658, 691 (1978); *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  These standards also apply to private companies that employ individuals acting under color of state law. *Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999). Corporations are liable under §1983 "*only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id*. at 728 (emphasis in original).

To proceed under 42 U.S.C. § 1983, a plaintiff must establish violation of a Constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979).  A plaintiff

---

[2]  *See e.g. Asemani v. Wexford Health Services, Inc*., Civil Action No. RDB-13-2976 (D. Md. 2014); *Asemani v. Corizon*, Civil Action No. RDB-13-988(D. Md. 2013).

must specify what constitutional provision or federal laws were allegedly violated, and identify the actors who allegedly violated these provisions or laws.  Asemani fails to identify a cognizable cause of action under 42 U.S.C. §1983.

To the extent Asemani may intend to fault Defendant for providing inadequate medical care in violation of the Eighth Amendment, his claim as articulated does not suggest that medical personnel exhibited requisite deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976) (stating "deliberate indifference to serious medical needs of prisoners" constitutes the wanton infliction of pain").  Rather, Asemani claims Defendant is negligent for ignorance in understanding the process for authorizing a shower pass.  Neither an "inadvertent failure to provide adequate medical care" nor "negligen[ce] in diagnosing or treating a medical condition" amounts to deliberate indifference. *Id*.  Here, it is not apparent that self-diagnosed diaper rash qualifies as a serious medical need.  Further, Asemani acknowledges that he is able to shower at least three times weekly without concern.  Contrary to Asemani's claims, he does not have a constitutional right to shower daily.  Asemani does not particularize the nature of his fellow inmates' verbal abuse and his concerns of physical confrontation are speculative.  Nor does he claim to have been threatened with bodily harm or actually attacked while showering.  For all these reasons, the Complaint will be dismissed without prejudice for failure to state a cognizable constitutional claim.

## CONCLUSION

For these reasons, the case shall be DISMISSED without prejudice in a separate Order to follow.

  October 21, 2016                               _____/s/_____
Date                                                           RICHARD D. BENNETT
                                                               UNITED STATES DISTRICT JUDGE